IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                              | ) |                    |
|------------------------------|---|--------------------|
| NATIKO M. FLOYD,             | ) |                    |
|                              | ) |                    |
| Plaintiff,                   | ) |                    |
|                              | ) |                    |
| vs.                          | ) | No. 06-2069-Ma/V   |
|                              | ) |                    |
| VICTOR L. ROBILIO,           | ) |                    |
|                              | ) |                    |
| Defendant.                   | ) |                    |
|                              | ) |                    |

_____

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO ISSUE SERVICE OF PROCESS
_____

The plaintiff, Natiko M. Floyd, has filed a complaint under Title VII, with an application to proceed in forma pauperis under 28 U.S.C. § 1915(a) and a motion for appointment of attorney. The motion to proceed in forma pauperis is GRANTED.

With regard to the motion for appointment of counsel, two statutes authorize the district court to request or appoint counsel for an indigent plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1]  Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney."  An employment discrimination plaintiff has no

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989).

constitutional or statutory right to appointed counsel. <u>Moore v. Sunbeam Corp.</u>, 459 F.2d 811 (7th Cir. 1972). Generally, a court will only appoint counsel in exceptional circumstances. <u>Willett v. Wells</u>, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the <u>pro se</u> litigant's prior efforts to retain counsel, and his ability to present the claims. <u>Henry v. City of Detroit Manpower Dept.</u>, 763 F.2d 757, 760 (6th Cir. 1985); <u>Wiggins v. Sargent</u>, 753 F.2d 663, 668 (8th Cir. 1985).

A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent himself. Furthermore, it does not appear from the affidavit supporting his motion that he will be unable to obtain counsel on his own. The motion is denied, without prejudice to its resubmission at a later time if the plaintiff makes a more adequate showing of the need for counsel and his inability to find a lawyer who will accept his case on a contingent fee basis.

The Clerk shall file the case without payment of the filing fee and record the defendant as Victor L. Robilio.

It is ORDERED that the Clerk shall issue process for the defendant Victor L. Robilio and deliver said process to the marshal for service.

Service shall be made on the defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(h)(1) and Tenn. R. Civ. P. 4.04 (3) or (4) if mail service is not effective.

It is ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if it has no attorney.  The plaintiff shall make a certificate of service on every document filed.  The plaintiff shall promptly notify the Clerk of any change of address or whereabouts.  Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 2nd day of March, 2006.

                                          s/ SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE